May it please the court, opposing counsel, I'm Luther Suter. I'm from Benton, Arkansas. Good morning. This is an ADA discrimination case. I'm trying to end my career the way I started arguing the ADA and Mr. Stricklin was a person with a disability that worked at Dollar General for several months. He's been doing a good job and his intent was to get an accommodation restricting him from working only 20 to 24 hours a week. This was a part-time position. He went and saw his doctor. His doctor sent a note to the employer and the according to the employer the note precluded Mr. Stricklin from doing all work and so now we're here before you 15 years post Browning versus Liberty Mutual. Post the Americans with Disabilities Act amendments where the ADA is supposed to be construed liberally. Liberally in favor of our disabled Americans and so faced with this the district court below held that Dollar General was entitled to rely on a doctor's note and you know that entire line of cases has its genesis and Browning versus Liberty Mutual insurance company and I think it's been overruled by the ADA but nonetheless putting that aside Judge Logan, Judge Murphy, Judge Smith, we have evidence here that my client was told that he could not return to work unless he had no restrictions. His manager testified that that he could be accommodated and against his doctor's note the and that evidence weighs against his doctor's note and at some point you have to flesh out what a good faith interactive process is in this circuit. Seems to me that adverse facts for you on this record as I understand it which is not complete by any means it was manager Kirby who said that um early in the in the while he while he was on leave and he then got a post-leave letter from the obvious decision maker in the yes in the house yes well I'm saying you better come in and talk about this and he ignored that and and I don't know how you get around that well he went to his manager and you said obvious not after the letter though well unless I've got it wrong well no the the evidence is contract contradicting I can point you in rebuttal and I will he says in November the manager says he he came to her in December and I and I and I'll check that judge but you said obvious and you're right people like you and I it is obvious but you have to remember these folks are persons with and they don't understand on these facts I think he went to his manager according to his manager after that letter but even if even if judge that letter should have never been sent a good faith interactive process does not mean getting a letter from your doctor from the employee's doctor saying oh you can't do the work we want you to do so we're just going to put you on leave no judge this gentleman was uneducated relatively he was he he went to the doctor because he was asked to go to the doctor now you're confusing two doctor letters or I don't know the facts he was put on leave from the first yes doctor message yes but the critical doctor message came while he was on leave the second one the one that prompted the the human resources department post leave letter right well I don't I'm not sure what I think what prompted the HR the one that the doc I thought the doctor's letter that while he was on leave and I had a little trouble parsing this out but but after he was on leave there was a doctor's letter that the Dolgan court obtained a doctor's note without his knowledge saying he could return to work 24 hours limited to 24 hours with no heavy lifting climbing etc which they considered those are essential functions and therefore in descent in late December when the leave had expired they said you better come given this note you better come in right and he and he didn't well he went to his manager story well no he went to his manager and and that's the point I have to correct and rebuttal if I can but my point to you judge is just sending a letter out to a disabled employee whom to us it's obvious that he should communicate with it with the person that wrote the letter but the face of this corporation was the manager and judge good faith a good faith interactive process isn't sitting uh getting a letter that that says okay your doctor says you can't work you can't work go on leave when you have an employee that has articulated a reasonable accommodation there should have been a sit down here and in there was an attempt he did attempt to sit down before the letter you reference and that is what we're holding trying to hold dollar general accountable for the manager was told ostensibly by the decision maker he can't work unless he has no restrictions judge there's a body of law out there that says any further action that he would have taken argue this in the brief albeit in the context of title two not title one that any further communication would have been futile so that's the real answer to your question okay say that this person with a disability this relatively uneducated person who is trying to to work his way off social security disability under let's say he understands the intricacies of the cases i've lost when i've gotten involved in the accommodation process on the front end zero except for brownie but the point being judge the ada is a statute that that that should be interpreted liberally and and please take this opportunity to write an opinion saying that when employers receive doctor's notes that appear to contradict what an employee is asking for don't what was the contradiction he put on leave because he wanted to go he wanted to work 24 hours a week yes okay and that's not and that and that's not leave he was only working 32 hours a week he was a part-time employee they had other employees this lawsuit isn't about being put on it's about being terminated no sir no sir absolutely not this lawsuit is about a failure to accommodate under the jail stand what are the damages he lost the ability to work he wanted to work 24 hours 24 hours a week if he'd not if they'd let him do what with an unpaid leave unpaid okay it was fmla so so the the claim is for 24 hours a week for the what is it six weeks no he continues his employment relationship he would have never gotten that letter hey come see us and be terminated if he had been working anyway but if if 24 hours a week is is not consistent with the essential functions where does the case go well if it's not consistent with the essential functions it dies but here the man but but the manager said the manager testified that he could do everything she asked him to do for 24 hours yes and they had other employees working for three hours a day did he actually ever work yes and how long about six seven months before this came up and they had 24 hours a day a week he was working more than 24 hours a week and he wanted his work schedule essentially cut back eight hours a week now judge the record here shows that they accommodated an employee with a broke tendon worked her only a burst tendon worked her only three hours a week at the end of the day judge locan we've got judge smith i'm i wish i could be here wednesday by the way uh uh when y'all go in on uh that that other case but you know this is important people with disabilities deserve interaction they deserve more than a letter in the mail this gentleman went i'm gonna check in in rebuttal he went uh to the his manager and she told him it was above her head well it wasn't the ada imposed upon her an obligation to call the person in nashville and say mr strickland came by let's sit down that's what this lawsuit's about judge i ask y'all to reverse i'm going to reserve my time unless you have more time how many more questions thanks judge thank you mr harris good morning your honors may it please the court john harris on behalf of the appellee dollar general both below and now there are certain key undisputed facts that the plaintiff the appellant simply cannot get around the following is simply not in dispute his own doctor placed them on restrictions for one year in addition to being long in time those restrictions were significant in their scope no lifting of heavy objects no climbing no bending no stooping in a retail setting these are significant restrictions despite the severity of these restrictions dollar general interacted with him he'd only been there six or seven months he can do the job they gave him leave even though they're from l.a didn't require that once that leave was up what did dollar general do they didn't call him and say can you work here at the job period they asked here's the question can you do the job with or without reasonable accommodation not can you do the job not are you 100 healed you're talking about the yes sir from someone who never talked to mr strickland well your honor we would dispute the fact that he had no interaction with someone in nashville becky cherry called him on november 5th one day after he presented that note there was interaction with uh with mr strickland that's the disputed phone call well there's the call happened the fact that the call happened is not in dispute your honor what exactly was said but regardless three days after that call on november 5th he got a letter from hr saying hey give this certification form to your doctor have your doctor fill out this form and tell us what you can and can't do the letter was december 22nd uh well there are two letters your honor there is a letter he got on november 8th one the post leave one that says come in and explain your status because as we understand it you can't do the essential functions that was the one he ignored right yes your honor the second letter to the december 22nd letter is the one that was the one that was the district court thought was critical well that went that was critical as well your honor i'd agree with you there okay so what what was there any there was no contact after that or was there was there contact with either kirby or with this woman in nashville the last contact alleged will have with him is when the letter was sent to him on december 22nd and gave him hey your leave is up uh please contact us in 10 days so you can tell us what not you can do with the job do the job with without and he didn't call hr like he'd been asked to do and uh and did he talk to kirby thereafter the record is not clear but i think for the purpose of today we have to assume he went to miss kirby and miss kirby said i can't do anything call hr like the letter told him to do what did kirby i mean we have deposition testimony what did kirby say kirby recalls him coming and asking him generally hey when can i come back to work she doesn't recall the exact date of that conversation but i think for the purpose of the day because you know we do have to presume the facts and it's favorable to the appellant let's assume that happened after he got the december 22nd letter what did miss kirby do uh she's not in hr she's a store manager and she's she did exactly what you would train a store manager to do he's not hr trained i can't do this you need to talk to hr hr is the one who are the professionals to deal with leave not a store manager um the appellant said that hey mr strickland cannot understand this letter that ignores one important part of the record he testified under oath he went to college for two years this is not some country bumpkin who can't understand a letter he's he's a relatively educated person he went to college for two years and the plain language of that letter said call hr within 10 days your leave is up if you don't do that you won't have a job some of that education would know what to do let's talk about this alleged 100 healed policy because in the appellant's brief they make much to do about that uh as we set forth we disagree there's any evidence that that policy was applied to him let's uh look at the evidence that there is that policy there there is a store manager who testified mistakenly that she thought of a there is a no restrictions policy uh but there's no evidence such a policy was applied to him and if you're me again uh kirby is the store manager in arkansas and let's look at the entirety of this gentleman's employment first act all you did was hire the man what did he testify he told rebecca kirby prior to being hired he testified i'm a person with a disability i have ms i can't hear very well under oath that's what he said to miss kirby prior to being hired yet dollar general still hired him if dollar general was a company that hated people disabilities if dollar general was a company that said hey you can't work here unless you're 100 it makes no no sense whatsoever they would have hired the man no one feel well that he's a person with a disability let's look what dollar general did to him once he presented that doctor's note to them on november 4th the very next day on uh on november 5th becky cherry called him now there's a dispute of fact as to what exactly was said but there's no doubt within a day that he was called by hr there's no doubt that within three days uh there he was given a certification form and there's no doubt that on november 8th his own doctor now wait a minute he was hired what what what accommodations did he have when he was hired uh to work 24 hours per week that was miss kirby he if you believe his testimony he was hired to work only 24 hours a week and the reason he went to his doctor is he was starting to work 32 hours and he didn't like that and so he went to his doctor to get a doctor's note ostensibly as he sought to get back down 24 hours a week but the problem was the doctor said this man uh can engage a no you know heavy lifting no climbing bending and stooping and so forth well it doesn't really say that does it says should be restricted in areas that would be considered heavy work such as lifting excessive standing or excessive temperatures that doesn't give the parameters it doesn't say no you're right it says that there ought to be some limitations that is what his first note said that he presented on november 4th the one that stayed in the date of november 2nd but the second note from his doctor the one dated november 8th your honor that is the one that said no climbing no bending no stooping no heavy lifting um now is there a is there an employment document that reflects he was hired to work 24 hours a week no your honor so how do we do we have hours work records that confirm that was the case his payroll records your honor would convey the first part of his deployment he's working 20 24 hours a week uh those records reflect there's there's a five or six week period where they went up right before he goes to his doctor so 24 hours a week is a non-issue here is essential function that is we're not that is not why we're here the the what was a problem for dollar general was the doctor's note that said no climbing no bending and no stooping no heavy lifting and if you look toward mccale if i'm pronouncing that correctly and it's adoption of the euc's regs on what essential functions are it's very clear that bending stooping uh climbing are essential functions of a sales associate job at dollar general um let's look at those factors um what you know one of the factors is well what did what did the employees say about his job and under oath mr strickland when questioned by his own counsel by the way uh and 262 of the appendix said what what i do as a sales agent i stock shelves i clean i clean the store i unload trucks he was uh it's obvious and clear that if he admits under oath that stocking uh shelves in store is what he does that's going to involve some bending and stooping to face all the goods if unloading the trucks is what everyone does according to him bending and stooping is definitely part of that on on delivery day um what are the other clail factors well what is does it dollar general have a job description yes that militates strongly towards uh climbing and stooping being essential functions as a district court found um the employer's judgment as to what are the essential functions well r30v6 on actual leave issues and the essential functions talked about that and how look dollar general is a small store as as as the appellant admitted uh you only have a store manager maybe one or two sales associates working there you need everyone to be doing as many of the tasks as possible otherwise um the store simply cannot function and this sir yes did everything break down during the six months that he was working there before well ma'am uh we we had no problem with him only working 24 hours a week what we had a problem with is his doctor giving us a note for the first time so the company knew when they got the first doctor to note that he could do enough climbing stooping etc to unload the trucks and stock the shelves in very first how can we how can that not be the case the very first doctor's note again there's only a short period of time between these two notes but the one that we it's dated november 2nd and then we got november 4th talked about excessive standing and working in temperatures and so forth and that's what got this whole ball in motion but four days later i never wraith they get a second doctor's note that goes beyond that that says no bending no stooping but they know that's wrong they don't know we this circuit and auto and alexandra said uh we are an employer can rely upon the information they get from a doctor even even if the even if the doctor's note is obviously you know contrary to prior experience and just set up to get the guys to leave well your honor it's not again we're not we're not his physician um he could have been working in violation of restrictions his doctor thought he should have been on who knows how long he's been going to this doctor we don't know what his relationship is but at the end of the day that's his doctor that's his doctor uh who's the professional treating him giving us a certification i presume under some sort of medical oath that in his opinion this man can't do this stuff i've done enough social security appeals to know about those doctor's opinions well you know again this is his his time had been crept up even though the employer knew that he could work 24 hours a week and do all the climbing and stooping and so forth that the job required and had for six or seven months and now he says i'm working too long the deal was i only worked 24 hours and the employer's response was you're on leave well your honor if why isn't that a fair read of this record your honor if if those notes from his doctor had simply said we would like for mr strickland to be limited to 24 hours a week we wouldn't be here that's something that they can that obviously can be accommodated while we are here is that we have a note from his doctor that this circuit says we're allowed to to rely upon and act upon we have a note from his doctor uh saying he can't do things for not 24 hours a week or three hours a day or one hour a day that note says for one year he can engage in no bending no stooping no climbing not for just 24 hours a week that note says he can't do it at all council why is this record sufficient for summary judgment and not an appropriate basis for further litigation well your honor again the the we have a plaintiff's sworn testimony under oath and what did he admit under oath he admitted that um he got the the that he please call hr in 10 days and he admitted under oath he didn't do that uh there's no dispute that and in summary judgment proceedings below in response to our statement of undisputed facts there's no dispute that his doctor transmitted on november 8th a certification form that said no bending no stooping no climbing no heavy lifting the application of the clail factors well settled factors in this circuit to his testimony and our 30 v6 make very clear that bending and stooping and and climbing are essential functions of the job but if he hadn't improperly been put on leave the second note never would have existed well your honor we i disagree strongly that he was improperly put on leave couldn't the jury so fine no your honor because at the end of the day as we said earlier okay you can work 24 hours a week your doctor encourages us to to cut back the again leave under the ada leave can be a reasonable accommodation and that's exactly what he was given can be but a jury can say it wasn't well your honor we disagree because that first note the note dated no you disagree with that that's a that that's an issue of fact in a particular yes your honor because the note that we got on the case says that the note we got your honor on november 4th said he cannot engage in excessive standing and working in temperatures and so forth and standing is essential function they knew that they knew that was wrong but again it's wait wait wait a minute they'd already put him on leave they didn't know it was wrong because again we haven't they already put him on leave not not when we got the november 4th note i thought well okay they declared it they started it november 8th the leave happened on november 5th after the we got the november 4th note and the second doctor's note came three days later on november 8th so there's that's some of the confusion we have two doctor's notes in a short amount of time but the first one that we got in riverforth said hey no excessive standing and again because of the small box retail setting because of the limited staffing standing is you have to stand to be able to stock shelves you have to stand to be able to load a truck that's an essential function of the job that's not an issue of fact that's an application of law of the cfr regs on the ada determining what is an essential function you look at the employer's judgment the job description and so forth which get heightened deference in this circuit and again under otto and alexander when we are presented with a doctor's note that says something we are supposed to rely upon it we can rely upon it it's where it's not our judge to be his doctor we don't know if the man was working in violation of restrictions his doctor had upon him for years in auto and alexander a planer tried to get around summary judgment by saying look i know that doctor's note says what it says but that's just that's just baloney uh you know you don't have to follow my doctor i can do i can i can bend i can climb whatever and this circuit at least twice now has said look when employers presented with a doctor's note professional they are entitled to rely upon it what's the record on how that second that last doctor's note was obtained it was faxed directly from the doctor to dollar general how was it solicited when on november 8th uh he uh mr strickland got a a correspondence from dollar general including a medical certification form being asked to give that to his doctor and again that highlights the interactive part of this please give the certification to your doctor so we can get some more clarity on what your first note is saying what what can you do and what can you not do with or without accommodation um again there's no 100 heal policy as applied to him from start to finish um there was uh interaction with him unless you'll have further questions i really appreciate your time and attention thank you mr suitor have some time council has four minutes 31 seconds left for a bump and you know i i want to apologize i sitting over there nodding my head i shouldn't have been doing that but i'm way too passionate about this and i got to get out of it comes a point when you're devoted to your cause too much you need to step back and i think i'm well past that point so i appreciate y'all's patience women i shouldn't have been doing that but anyway having said that judge i went back looked at the record the manager says that she saw my client i want at uh appendix 180 so when is the next time you saw josh i want to say december 18th give or take a day or two so somewhere about the the last end of december my client went to the manager and she told him that she needed to contact hr the manager told him that he needed to contact hr but she could not recall who at the hr department he could contact the store manager completely contradicts dollar general's essential job functions i cite in my reply to your honor's spring court case garcetti versus sabalos 126 us 1951 that says that there can be a temptation for employers to strict employee rights by creating it excessively broad job descriptions and formal job descriptions often bear little resemblance to the duties an employee is actually expected to perform so we have the fact that my client had been working 24 hours his time crept up he just wanted the 24 hours and he got a doctor's note that judge smith appropriately recognized didn't say what the november 8th said and so an employer acting in good faith not applying 100 healed should have said hey you've got two notes here we're confused tell us which one is going to apply and that never happened they just went and put him i thought there were three notes or there were two i think there were two november 8th and november november 5th and november uh 8th but well there was one that didn't come till the 11th and or it ran it ran the 10 it ran the year to the november 11th of the following year right wasn't that the the last one the leave started on the 8th well no they put him off work well okay i'll give you that but you know okay so you're the one that came after he had been put on leave you're saying was inconsistent with the one before that yes it was according according to judge smith's own interpretation which i agree with and you're right judge summary judgment is not is utilized too much in this circuit compare it with the sixth circuit my case over in the sixth circuit bobo versus ups you cannot reconcile the two but nonetheless judges this is a young man who had ms he's deaf he was working to try to make a living and he just wanted 24 hours and this employer got the note they wanted and said gotcha because they're right otto the fred's case and the browning case all go back and stand for the proposition that employers are entitled to rely on doctor's notes and that's true but in none of those cases was there an employer who essentially said hey you got to you got to come back with no restrictions and that's what this manager testified to this manager testified that my client could be accommodated so your honors if this is not an ada case and i understand the fear of opening up dockets toward people who just use the ada to uh as some sort of extortion device but this gentleman is the poster child if this is not an ada case i don't know one and i need to write another law review article judge out i've always uh haven't always agreed with you all but it's always been my pleasure to be here okay i don't have any questions i appreciate it and thank you for for your patience judge locan over the last 18 years are you leaving are you going somewhere i'm running for judge your honor good luck thank you up in the fayetteville area